**United States District Court**
For the Northern District of California

1

2

3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-09-00252-DLJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| LARRY BURNETT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

10

11

12

13

14

15

On July 17, 2009, the Court heard oral argument on the motion of defendant Larry Burnett (Burnett) to suppress evidence.  Having considered the papers submitted, the arguments of counsel, the record in this case, and the applicable law, the Court hereby GRANTS the motion.

16

**I. BACKGROUND**

17

**A.    Factual Background and Procedural History**

18

19

20

21

22

Burnett is charged in an indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  This charge arises out of a search of Burnett's car conducted by officers of the Oakland Police Department (OPD).

23

24

25

26

27

28

At approximately 5:55 p.m. on December 20, 2008, OPD officer Matthew Lopez (Lopez) was driving in the center lane northbound on the 1500 block of Jefferson Street in Oakland, a two way four lane street at that location.  At the intersection of Jefferson and 16th Streets, he came to a stop at the signal and noticed that a white Pontiac, traveling southbound in the curb lane, was stopped at the

**United States District Court**
For the Northern District of California

1  same signal directly across the street from him.  According to

2  Lopez, the Pontiac's lights were on at low beam, and a set of fog

3  lights were also on, but the front right fog light on the Pontiac

4  was not functioning.  Lopez believed that the broken fog light

5  violated California Vehicle Code § 24252(a), which provides that

6  all required lighting devices must be maintained in good working

7  order.  Based on the traffic violation he had just witnessed, Lopez

8

9  elected to conduct a vehicle stop of the Pontiac.

10      Lopez anticipated that the Pontiac would continue southbound

11  on Jefferson, and he planned to go through the intersection, make a

12  U-turn as traffic permitted, and follow the Pontiac southbound

13  until he could pull it over.  The Pontiac, however, turned right

14  onto 16th Street, a one-way two lane westbound street at that

15  location, so Lopez turned left to follow the Pontiac westbound.  At

16  some point along the 600 block of 16th Street, Lopez activated the

17  spotlight and red lights on his patrol car to pull the Pontiac

18  over.  The Pontiac continued up 16th Street to the next

19  intersection, then turned right onto Martin Luther King, Jr. Way.

20  After traveling approximately one block, the Pontiac stopped just

21  short of the intersection of Martin Luther King, Jr. Way and 17th

22

23  Street.  According to Lopez, the Pontiac passed by "multiple spots

24  that were appropriate to pull over" before it stopped.

25      After the Pontiac stopped, the driver -- later identified to

26  be Burnett -- stepped out of the car and approached Lopez's patrol

27

28

**United States District Court**
For the Northern District of California

1
2
car.  Lopez instructed Burnett to return to his car and sit in the driver's seat.

3
4
5
6
7
8
9
10
11
12
13
14
15
    Lopez approached Burnett's car.  As he drew near, he smelled a "strong odor of marijuana emanating from the vehicle."  Lopez called for backup, and OPD officer Christopher Craig (Craig) arrived.  Lopez and Craig searched Burnett's car and discovered a plastic bag containing a substance suspected to be marijuana, as well as a loaded ".38 Special" revolver.  The officers searched Burnett and discovered a second plastic bag containing a substance suspected to be marijuana.  According to Lopez, Burnett claimed to have acquired the .38 Special "to protect himself from being robbed."  Lopez documented the above facts in a police report which he filed on the same day as the incident.

16
17
18
19
    On March 29, 2009, as part of the pretrial proceedings, Lopez executed a supplemental police report at the request of the United States Attorney's office.  According to Lopez, this report was intended to "clarify the details" of the traffic stop.

20
21
22
23
24
25
26
27
28
    In the supplemental report, Lopez claims that there were two additional traffic violations which were part of his state of mind in the stop of Burnett.  First, Lopez claims that he believed Burnett violated Vehicle Code § 24402(a), which prohibits motorists from driving with lighted "auxiliary driving lamps" at the same time as lighted low beams.  According to Lopez, Burnett violated this section by operating at least one functioning "lower light" in

3

**United States District Court**
For the Northern District of California

addition to the low beams of his main headlights.  Second, Lopez

claims that Burnett violated Vehicle Code § 22107, which requires

motorists to signal before turning if "any other vehicle may be

affected by the movement."  Lopez claims that Burnett violated this

section by failing to signal before turning right onto 16th Street.

The supplemental report also contains additional observations

made by Lopez at the time of the incident.  Lopez states that he

observed the white Pontiac weave over the center line without

signaling when traveling westbound on 16th Street.  In addition,

Lopez asserts that the Pontiac "rolled past the limit line" at the

intersection of 16th Street and Martin Luther King, Jr. Way and

failed to signal before turning right at the intersection.

Finally, Lopez states that during his questioning of Burnett,

Burnett admitted that he failed to timely pull over for Lopez

because he had the gun in his lap and "didn't know what to do."

Burnett now seeks to suppress all fruits of the search on the

ground that the OPD officers unlawfully stopped and searched his

car.  The government opposes the motion.

**B.     Legal Standard**

All evidence resulting from an illegal search must be

suppressed as "fruit of the poisonous tree."  <u>Wong Sun v. United</u>

<u>States</u>, 371 U.S. 471, 487-88 (1963).  Under the Fourth Amendment,

law enforcement officials may only conduct an investigatory traffic

stop if the stop is supported by "reasonable suspicion" that

4

criminal activity has taken place.  <u>United States v. Twilley</u>, 222 F.3d 1092, 1095 (9th Cir. 2000).  Reasonable suspicion is "a particularized and objective basis" for suspecting the particular person of engaging in criminal activity.  <u>Id.</u>  "[R]easonable suspicion requires specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct."  <u>Id.</u> (quotation omitted).  The determination whether a law enforcement official has reasonable suspicion to justify a stop "may take into account all of the events that occur up to the time of physical apprehension" of the suspect.  <u>United States v. Santamaria-Hernandez</u>, 968 F.2d 980, 983 (9th Cir. 1992).  A mistake of law on the part of the officer does not give rise to reasonable suspicion.  <u>Twilley</u>, 222 F.2d at 1096.

## II. DISCUSSION

**A.      Compliance With Criminal Local Rules**

As an initial matter, the government contends that Burnett's motion fails because Burnett did not comply with the Criminal Local Rules.  Criminal Local Rule 47-2(b) provides that "[m]otions presenting issues of fact shall be supported by affidavits or declarations which shall comply with the requirements of Civil L. R. 7-5."  Civil Local Rule 7-5 requires that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the

5

**United States District Court**
For the Northern District of California

1    record."

2         The government contends that Burnett failed to set forth any

3    factual or legal basis in support of his motion, and as such, the

4    Court should deny the motion pursuant to Criminal Local Rule 47-

5    2(b).  Although the government may be correct in its argument that

6    Burnett's motion is short on reasoning, the motion sets forth the

7    basic facts of the case, appends Lopez's original police report,

8    and argues that the officers' search was unlawful.  The government

9    does not dispute the accuracy of Burnett's factual statements or

10   the authenticity of his evidence.  Accordingly, the Court sees no

11   reason why it should decline to reach the merits of the motion.

12

13   **B.     Merits of the Motion**

14        As long as the initial traffic stop was lawful, the parties

15   do not appear to dispute that the OPD officers had probable cause

16   to search Burnett's car.  Lopez declares that he smelled a strong

17   odor of marijuana coming from Burnett's car.  Burnett has submitted

18   no evidence to the contrary.  Because Lopez smelled marijuana, he

19   had probable cause to believe that Burnett committed a drug

20

21   offense, and, as a result, his and Craig's search of Burnett's car

22   did not violate the Fourth Amendment.  See United States v.

23   Laird, 511 F.2d 1039, 1040 (9th Cir. 1975) (if the police make a

24

25   lawful stop of a motorist for a traffic violation committed in

26   their presence, the smell of marijuana emanating from the vehicle

27   would provide probable cause to conduct a warrantless search of the

28

6

car).  Accordingly, Burnett's motion turns on the propriety of the
initial traffic stop.

### 1.    Basis for the Stop Identified in the Original Police Report

The original police report identifies a single basis for the
stop: a suspected violation of Vehicle Code § 24252(a) for driving
with a broken fog light.  Burnett contends, and the government
concedes, that it does not violate the Vehicle Code to drive with a
broken fog light, since under Vehicle Code § 24252(a), only
lighting equipment "of a required type" must be maintained in good
working order, and fog lights are not lighting equipment "of a
required type."  See Cal. Veh. Code § 24403(a) (providing that a
"motor vehicle may be equipped with not more than two foglamps")
(emphasis added).  Because Burnett was not required to install fog
lights on his car, the fact that he was driving with a broken fog
light is not a basis for a finding that he had committed a traffic
violation.  See Twilley, 222 F.3d at 1096 (mistake of law by
officer does not justify traffic stop).  Accordingly, Lopez's
observation that Burnett was driving with a broken fog light does
not provide a lawful basis for the stop.

### 2.    Bases for the Stop Identified in the Supplemental Police Report

The supplemental report identifies two additional bases for
the traffic stop: (1) a violation of Vehicle Code § 24402(a) for
using auxiliary driving lamps with low beams, and (2) a violation

7

**United States District Court**
For the Northern District of California

1  of Vehicle Code § 22107 for failure to signal before turning.

2      The Court notes, at the outset, that the timing and the

3  content of the two reports inevitably raises a question as to

4  whether the thoughts stated in the supplemental report are after-

5  thoughts rather than thoughts which were contemporaneous with the

6

7  incident.  It is not necessary to consider this issue, however, as

8  the thoughts described in the supplemental report do not, in any

9  event, provide a basis for a lawful stop of the Pontiac.

10              **a.    Auxiliary Driving Lamps**

11      At the hearing, the government conceded that "auxiliary

12  driving lamps" are different devices than "fog lights," and that

13  the evidence shows that the Pontiac had "fog lights," but did not

14  show that the Pontiac had any "auxiliary driving lamps."  Neither

15  the fact that the right fog light was out, or the fact that the

16

17  left fog light was on, constitutes a violation of the Vehicle Code.

18  As a result, there was nothing about the illumination of the

19  Pontiac's driving lights and fog lights that would provide a lawful

20  basis to stop the Pontiac.

21

22              **b.    Failure to Signal**

23      As already noted, under the California Vehicle Code, a

24  motorist is only required to signal if "any other vehicle may be

25  affected by the movement."  Cal. Veh. Code § 22107.

26      The government contends that Burnett's alleged failure to

27  signal "affected" Lopez, as the term "affected" is used in § 22107.

28

**United States District Court**
For the Northern District of California

According to the government, Lopez made a decision to pull Burnett over at the time he was positioned opposite Burnett at the intersection of Jefferson and 16th Streets.  Lopez claims that, because Burnett did not signal his intention to turn right, Lopez believed Burnett would proceed straight ahead going southbound on Jefferson Street.  Based on this belief, Lopez planned to drive north on Jefferson Street, make a U-turn, then execute a traffic stop of the Pontiac at some point along southbound Jefferson Street.  Lopez claims that Burnett thwarted this plan, however, by turning unexpectedly westbound onto 16th Street.  According to the government, Burnett's un-signaled right turn "affected" Lopez by forcing him to "re-chart a new course westbound onto 16th Street," and to "prepare to radio dispatch a different street as the likely location of the stop."

This argument relies on an overly broad reading of § 22107. The right turn did not affect at all the ability of the driver of the police car to drive in any direction he chose, nor did it affect the ability of any other driver in that intersection to drive as he or she chose.  It may have affected the intended plans of the police officer, but it did not affect his use of his police car.  No motorist in Burnett's position could have reasonably foreseen that Lopez would have a personal plan to make a U-turn and follow him southbound on Jefferson Street.  The Court does not believe that § 22107 imposes a duty on the reasonable motorist to

9

**United States District Court**
For the Northern District of California

1  signal before turning in order to give fair warning to any other

2  driver who has decided to follow that driver.  Because the

3  government has failed to identify any motorist at the intersection

4  of Jefferson and 16th Streets who could have reasonably been

5  affected by Burnett's contended un-signaled right turn, Lopez

6

7  lacked a reasonable basis to pull Burnett over for a violation of §

8  22107.

9        **3.   Other Vehicle Code Violations Asserted by the Government**

10        Finally, the government asserts that Lopez had reasonable

11  suspicion to stop Burnett based on a number of other Vehicle Code

12  violations, including: (1) failure to timely pull over in violation

13  of Vehicle Code § 21806; (2) failure to drive within a single lane

14  in violation of Vehicle Code § 21658; (3) failure to stop at the

15  limit line in violation of Vehicle Code § 21453(a); and (4) failure

16  to signal at the corner of 16th Street and Martin Luther King, Jr.

17

18  Way in violation of Vehicle Code § 22107.

19        The government is correct that, between the two police

20  reports, Lopez has now alleged facts which could support a finding

21  that he observed Burnett committing these alleged Vehicle Code

22  violations.  Contrary to the government's view, however, Lopez has

23  never actually claimed that these alleged violations motivated him

24  to pull Burnett over.  The relevant inquiry in this case is not

25  what violations <u>might</u> have caused Lopez to stop Burnett; rather, it

26

27  is what violations <u>did</u> cause Lopez to stop Burnett.  Because the

28

**United States District Court**
For the Northern District of California

1 three contended Vehicle Code violations which the officer has

2 unambiguously identified as the cause of his traffic stop do not

3 provide a lawful basis for that stop, an identification by the

4 government of additional violations in the incident are of no

5 moment to this motion.

6

7                              **III. CONCLUSION**

8        For the foregoing reasons, the Court hereby GRANTS the motion

9 to suppress.   All fruits of the December 20, 2008 search of

10 Burnett's car are hereby suppressed, including the .38 Special

11 revolver, ammunition, and any statements made by Burnett in

12 connection with the search.

13

14

15        IT IS SO ORDERED.

16

17 Dated: July 29, 2009                              _____

18                                                   D. Lowell Jensen
                                                     United States District Judge

19

20

21

22

23

24

25

26

27

28

                                        11